HALCYON LODGE No. 120, ANCIENT ORDER OF FREE
AND ACCEPTED MASONS, v. P. W. WATSON.

**No. 274.**

AGENCY— *Officers of Masonic Lodge—Evidence.* We have made
a careful examination of all the evidence, and conclude that there
was an absolute lack of evidence tending to show (1) that either
the worshipful master or one of the trustees, or both, had the
power to bind the lodge to pay for the services rendered by Wat-
son without having been authorized by a vote of the lodge; (2)
that such a vote was ever had; or, (3) that the lodge ever ratified
their action in employing Watson.

Error from Marion district court; LUCIEN EARLE,
judge. Opinion filed July 13, 1898. Reversed.

*Keller & Dean,* for plaintiff in error.

*C. M. Clark,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced by
the defendant in error, Watson, to recover from the
plaintiff in error for services rendered by him in nurs-
ing and caring for Doctor Grinnell, a member of the
lodge, during his last sickness. The petition alleges,
among other things, that the defendant below is a cor-
poration, and that it is indebted to the plaintiff for
services rendered to the defendant at the request and
by direction of the defendant.

The evidence of the plaintiff below establishes the
fact that one E. L. Hoyt, who was one of the trustees
of the lodge, and Charles Johnson, who was the
worshipful master, employed Watson to nurse and
care for Doctor Grinnell; that the worshipful master
and two wardens constitute a sick committee whose
duty it is to look after sick members; that, ordinarily,

the contracts of the lodge are first authorized by the lodge itself; and that in cases of immediate and urgent necessity the worshipful master may contribute of the lodge funds a sum not exceeding five dollars in any one case.

The defendants below demurred to the evidence of the plaintiff, and in every way raised the question that the lodge was not liable. The jury returned a verdict against the lodge in the sum of $124.93, and the judge overruled the motion for a new trial and rendered a judgment upon the verdict.

We have made a careful examination of all the evidence, and conclude that there was an absolute lack of evidence tending to show (1) that either the worshipful master or one of the trustees, or both, had the power to bind the lodge to pay for the services rendered by Watson without having been authorized by a vote of the lodge; (2) that such a vote was ever had; (3) that the lodge ever ratified their action in employing Watson.

The demurrer is not contained in the record, and we will reverse the judgment upon the ground that the court erred in not granting a new trial.

The judgment of the district court is reversed, and the cause remanded with instructions to grant a new trial.